IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:17CR209-4 |
| | : | |
| v. | : | |
| | : | |
| DANYEL-ROY KIERAN LEMONS-KING | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and the defendant, DANYEL-ROY KIERAN LEMONS-KING, in his own person and through his attorney, James B. Norman, and state as follows:

1. The defendant, DANYEL-ROY KIERAN LEMONS-KING, is presently under Superseding Indictment in case number 1:17CR209-4, which in Count One charges him with a violation of Title 18, United States Code, Section 1028(a)(1), (b)(1)(A), and (f), conspiracy to produce false identification documents; which in Counts Eight and Nine charges him with violations of Title 18, United States Code, Section 1028A(a)(1), aggravated identity theft; and which in Count Twelve charges him with a violation of Title 18, United States Code, Section 1029(a)(4), possession of device-making equipment affecting interstate and foreign commerce.

2. The defendant, DANYEL-ROY KIERAN LEMONS-KING, will enter a voluntary plea of guilty to Counts Eight and Nine of the Superseding Indictment herein. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

    a. The defendant, DANYEL-ROY KIERAN LEMONS-KING, understands that the statutory penalty for Counts Eight and Nine of the Superseding Indictment herein provides that he shall be sentenced to imprisonment for two years as to each count; that he cannot be placed on probation or receive a suspended sentence; and that he shall not be eligible for parole. The defendant, DANYEL-ROY KIERAN LEMONS-KING, further understands that the maximum fine for Counts Eight and Nine of the Superseding Indictment herein is $250,000, as to each count. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, DANYEL-ROY KIERAN LEMONS-KING, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the

provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

b. The defendant, DANYEL-ROY KIERAN LEMONS-KING, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than one year as to each count, after imprisonment, pursuant to Title 18, United States Code, Section 3583.

c. The defendant, DANYEL-ROY KIERAN LEMONS-KING, understands that the Court shall order, in addition to any other penalty authorized by law, that the defendant make restitution to any victim of the offenses to which he is pleading guilty, pursuant to Title 18, United States Code, Section 3663A(a)(1). The defendant, DANYEL-ROY KIERAN LEMONS-KING, further agrees to pay restitution, as determined by the Court, to any victims harmed by defendant's relevant conduct, as defined by U.S.S.G. § 1B1.3, pursuant to Title 18, United States Code, Section 3663A(a)(3).

d. The defendant, DANYEL-ROY KIERAN LEMONS-KING, further understands that the term of imprisonment imposed on him for a violation of Title 18, United States Code, Section 1028A(a)(1) may, in the discretion of the Court, run concurrently, in whole or in part, only with another term of imprisonment that is imposed on the defendant by the Court at the

3

Case 1:17-cr-00209-TDS   Document 104   Filed 05/29/18   Page 3 of 7

same time on that person for an additional violation of this section, pursuant to Title 18, United States Code, Section 1028A(b)(4).

e. The defendant, DANYEL-ROY KIERAN LEMONS-KING, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, DANYEL-ROY KIERAN LEMONS-KING, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States.

3. By voluntarily pleading guilty to Counts Eight and Nine of the Superseding Indictment herein, the defendant, DANYEL-ROY KIERAN LEMONS-KING, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, DANYEL-ROY KIERAN LEMONS-KING, is going to plead guilty to Counts Eight and Nine of the Superseding Indictment herein because he is, in fact, guilty and not because of any threats or promises.

4

5. The extent of the plea bargaining in this case is as follows:

   a. Upon the acceptance by the Court of a guilty plea by the defendant, DANYEL-ROY KIERAN LEMONS-KING, to Counts Eight and Nine of the Superseding Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States of America will not oppose a motion to dismiss the remaining counts of the Superseding Indictment as to the defendant, DANYEL-ROY KIERAN LEMONS-KING. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

6. The defendant, DANYEL-ROY KIERAN LEMONS-KING, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

7. It is further understood that the United States and the defendant, DANYEL-ROY KIERAN LEMONS-KING, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

8. The defendant, DANYEL-ROY KIERAN LEMONS-KING, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

9. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 29th day of May, 2018.

MATTHEW G.T. MARTIN
United States Attorney

JAMES B. NORMAN
Attorney for Defendant

ANAND P. RAMASWAMY
NCSB # 24991
Assistant United States Attorney

DANYEL-ROY KIERAN
LEMONS-KING
Defendant

101 S. Edgeworth Street
4th Floor
Greensboro, NC 27401

336/333-5351